**M. J. KAPUS, Plaintiff and Respondent,**

v.

**WEISSER FINANCE, INC., a corporation, and First National Bank in Grand Forks as Administrator with the Will Annexed of the Estate of W. C. Weisser, Deceased, Defendants and Appellants.**

No. 8556.

Supreme Court of North Dakota.

June 30, 1969.

Letnes, Murray & Marshall, Grand Forks, for appellants.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for respondent.

ERICKSTAD, Judge (on reassignment).

On May 28, 1969, counsel for M. J. Kapus filed in this court a motion asking us to dismiss this appeal on the grounds that the order made was not appealable and that the trial judge was without jurisdiction because an affidavit of prejudice had been filed against him with the clerk of the court before the hearing which resulted in the order.

On June 5, 1969, an amended motion was filed in this court in which a further ground for dismissal of the appeal was asserted, that the appellants had failed to comply with the requirements of the Rules of the Supreme Court relating to appeal.

On June 9, 1969, the date set for the hearing of this motion, only counsel for Mr. Kapus appeared. The appellants have filed no resistance to the motion, nor have they given the court any explanation of their failure to appear.

No briefs were filed by either party before or at the time of the oral argument in this court (a brief relating to the second ground having been filed afterward by the respondent), and the only other law referred to us has been that referred to in oral argument by counsel for Mr. Kapus. As no resistance to the motion has been made, the third ground asserted is determinative of the motion. Accordingly, we shall consider only that ground, that the appellants have failed to comply with the rules of this court and the statutes of this state relating to appeal.

The order appealed from, dated April 7, 1969, was filed with the Clerk of the District Court of Grand Forks County on April 16, 1969, by the appellants, the re-

spondent having declined to prepare the order, although it was in his favor. He asserts that he received notice the following day.

Subsection 1 of N.D.C.C. § 28–18–06 is pertinent to this issue. It reads:

28–18–06. Statement of the case.—The record in a case for presentation to the trial court on a motion for a new trial or for judgment notwithstanding the verdict, or to the supreme court on appeal, shall be prepared as follows:

1. Within thirty days after notice of the entry of judgment or of the order to be reviewed, or within such further time as the court shall allow, the moving party must procure a transcript of the evidence and furnish a copy thereof to the adverse party with a notice that at a time not less than fifteen nor more than thirty days after the service of such notice, he will present the same to the judge for certification as a correct transcript of the evidence and of all proceedings had and made matter of record by the official reporter, and that, at the same time, he will ask the judge for a certificate identifying the exhibits and depositions in the case;

North Dakota Century Code.

It is apparent from the record before us that the appellants did not seek a settled statement of the case or an extension of time within which to obtain such a statement within thirty days after the notice of the entry of the order from which they are appealing.

That part of our Rule 13 pertinent here reads:

Rule 13. Affirmance or Dismissal upon Default. The respondent may apply to the court for affirmance or dismissal of a cause, as the case may be, if the appellant shall fail or neglect to serve and file the record, or his brief, as required by law, or by these rules.

\*   \*   \*   \*   \*   \*

Rules of Practice in Causes in the Supreme Court of North Dakota, 76 N. D. xvii, at xx–xxi.

In addition, our Rule 31 reads:

Rule 31. Cases May be Dismissed for Failure to Comply with Rules. A failure to comply with any of the requirements contained in these rules within the time or in the manner therein provided shall constitute grounds for dismissal of the appeal, for an affirmance, or for the imposition of terms, as the case may demand.

Rules of Practice in Causes in the Supreme Court of North Dakota, *supra*, at xxviii.

In other cases involving motions for dismissal of appeal based upon failure to comply with the rules of this court or the statutes on appeal, we have for various reasons—the main one being that disposal of cases on their merits is preferred to disposal on procedural grounds—given the appellants additional time within which to comply with the statutes and the rules of this court.

In this case, the appellants have shown complete indifference in failing to resist this motion or to appear in any manner; they have also failed to comply with our rules. We therefore dismiss the appeal dated April 16, 1969, from the trial court's order dated April 7, 1969, denying the appellants' motion for an order restraining and enjoining the plaintiff from further prosecuting the action until the appeal involving the status of the receivership of the corporation is decided and denying the motion for dismissal of the plaintiff's action.

TEIGEN, C. J., and PAULSON, STRUTZ, and KNUDSON, JJ., concur.